IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

F I L E D

NOV 1 8 2014

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA    )
                            )
            v.              )        **Criminal No. 3:14-CR-133**
                            )
JIMMIE ALAN LANE,           )
                            )
            Defendant.      )

## STATEMENT OF FACTS

Had this case gone to trial the United States would have proven each fact beyond a reasonable doubt.  The Government would have relied on the testimony of eyewitnesses and exhibits to prove its case.  The defendant stipulates that the factual allegations contained in the Criminal Information and the Statement of Facts are true in every material respect, and that all the events occurred in the Eastern District of Virginia.

1. The defendant, JIMMIE ALAN LANE, was a resident of Richmond, Virginia.

2. Metis/America Marketing, Inc. (Metis) was a Virginia Corporation in the business of advertising and marketing services.  On or about November 2002, LANE became an employee of Metis.  LANE was originally hired as a consultant

1

and account manager. At some time in 2003, LANE became an officer and director of Metis, holding the position of corporate secretary. On or about September 2008, LANE became primarily responsible for the finances of the corporation, which were managed through the use of QuickBooks. At the time, Metis maintained a deposit account with Wachovia used as an operating account for the corporation. LANE resigned from Metis/America Marketing, Inc. on or about October 27, 2009.

3. Beginning in or about the Fall of 2007 and continuing thereafter up to the Fall of 2009, in the Eastern District of Virginia, JIMMIE ALAN LANE, the defendant herein, unlawfully, willfully, and knowingly did devise a scheme and artifice (a) to defraud Metis/America Marketing, Inc., and (b) to obtain money, funds, credits and other property owned by and under the custody and control of Metis/America Marketing, Inc., by means of materially false and fraudulent pretenses, representations, and promises, as more particularly set forth herein.

4. It was a part of the scheme that in order to obtain Metis funds without the knowledge or authorization of the corporation, LANE took "advances" by writing checks from the Wachovia operating account to himself for personal use.

5. During the period August 15, 2007 through October 16, 2009, LANE facilitated more than 70 separate transactions in which he withdrew from the Metis

Wachovia account approximately $96, 783.14, for LANE's personal use and advantage. None of these withdrawals were done with the consent or knowledge of Metis's other 50% shareholder.

6. On or about June 14, 2009, LANE was confronted about the withdrawals from the Metis Wachovia account. LANE admitted that he took the funds without the knowledge of Metis's other 50 % shareholder because he was deeply in debt.

7. It was a further part of the scheme, that on or about June 22, 2009, after being confronted about the misappropriation of funds from the Metis Wachovia account, LANE opened a new deposit account in Metis' name at Branch Banking & Trust Company (BB&T) without the consent or knowledge of Metis or the other 50% shareholder.

8. It was a further part of the scheme, that to further conceal the existence of the account, LANE listed the address of his personal residence, rather than the business address of Metis, as the mailing address on the bank account.

9. It was a further part of the scheme that LANE deposited funds intended for Metis into this account and used a portion of those funds for personal expenses, and also a portion for business purposes.

10. On or about September 28, 2009, in the Eastern District of Virginia and elsewhere, the defendant JIMMIE ALAN LANE, did unlawfully transport,

3

transmit, and transfer, and cause to be transported, transmitted and transferred, in interstate commerce, from the State of Virginia to the State of North Carolina, an item of fraudulently obtained property in the form of a $25,500 check from Lendmark Financial services written to Metis, knowing the same to have been converted and taken by fraud.

11. It is agreed, subject to approval of the Court, that for purposes of determining relevant conduct under Guideline §1B1.3 (Relevant Conduct), the loss amount is $134,377.38.

12. The defendant committed the acts described herein unlawfully, knowingly, and willfully, and without justification or excuse with the specific intent to do that which the law forbids, and not by mistake, accident or any other reason.

I have consulted with my attorney regarding this Statement of Facts. I knowingly and voluntarily agree that each of the above-recited facts is true and correct and that had this matter gone to trial the United States could have proven each one beyond a reasonable doubt.

11-18-14
Date

JIMMIE ALAN LANE
Defendant

4

I am counsel for the defendant.  I have carefully reviewed this Statement of Facts with him and, to my knowledge, his decision to agree to this Statement of Facts is an informed and voluntary decision.

11/18/2014
Date

Patrick R. Hanes, Esq.
Attorney for Defendant

Respectfully submitted,

DANA J. BOENTE
U. S. ATTORNEY

By: _David T. Maguire_
David T. Maguire
Assistant United States Attorney

5